IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. BROWN, et al. | CASE NO. 2:11-CV-1122 |
| Plaintiffs, | JUDGE JAMES L. GRAHAM |
| v. | |
| | **DEFENDANTS' ANSWER TO** |
| TELLERMATE HOLDINGS LTD., | **PLAINTIFFS' COMPLAINT** |
| AKA TELLERMATE LTD., FKA | |
| TELLERMATE GROUP LTD., et al. | |
| Defendants. | |

NOW COME Defendants Tellermate Holdings Ltd. ("THL"), Tellermate, Inc., Insperity PEO Services, L.P. ("Insperity"), Paul J. Rendell ("Rendell"), David W. Lunn ("Lunn"), Gareth R. Davies ("Davies"), Edgar L. Biss ("Biss"), John Pilkington ("Pilkington"), and Debra Elliott ("Elliot") (collectively "Defendants"), by and through their undersigned counsel, and for their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Robert A. Brown and Christine M. Brown, state as follows:

### FIRST DEFENSE

**PREFACE**

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint.

**BACKGROUND INFORMATION**

2. Upon information and belief, Defendants admit that Plaintiffs are a married couple residing at 6120 Wingstem St., Westerville, Ohio 43082. Defendants deny the remaining allegations set forth in paragraph 2 of the Complaint.

3. Defendants admit the allegations set forth in paragraph 3 of the Complaint.

{01345098.DOC;3 }

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. In response to the allegations set forth in paragraph 5 of the Complaint, Defendants state that the websites of Tellermate, Inc. and THL speak for themselves respectively, that Plaintiffs' termination letters speak for themselves, and deny the remaining allegations set forth therein.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Defendants state that the websites and other "advertisements" for THL and for Tellermate, Inc. speak for themselves and deny any allegations set forth in paragraph 8 of the Complaint inconsistent therewith.

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. The allegations set forth in paragraph 10 of the Complaint contain legal conclusions to which Defendants are not required to respond. To the extent that a response is warranted, Defendants state that the termination letters to Plaintiffs, Defendants' employee handbook(s), and Insperity's website and other "advertisements" speak for themselves and deny any remaining allegations set forth in paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Defendants admit that Insperity provides human resource services to Tellermate, Inc. pursuant to a contract that speaks for itself, that the employee handbook distributed to Plaintiffs speaks for itself, and deny the remaining allegations set forth therein.

{01345098.DOC;3 }

13. In response to paragraph 13 of the Complaint, Defendants admit that Rendell is a citizen of the UK and is Group Managing Director of THL and CEO of Tellermate, Inc. and deny the remaining allegations set forth therein.

14. In response to paragraph 14 of the Complaint, Defendants admit that Lunn is a citizen of the UK, is Group Sales Director of THL and deny the remaining allegations set forth therein.

15. In response to paragraph 15 of the Complaint, Defendants admit that Davies is a citizen of the UK, is Group Financial Director for THL, and is CFO for and an officer of Tellermate, Inc., and deny the remaining allegations set forth therein.

16. In response to paragraph 16 of the Complaint, Defendants admit that Pilkington is a citizen of the UK and is Group Engineering and Operations Director of THL and deny the remaining allegations set forth therein.

17. In response to paragraph 17 of the Complaint, Defendants admit that Biss is a citizen of the UK and is Chairman and founder of Tellermate, Inc., and denies the remaining allegations set forth therein.

18. In response to paragraph 18 of the Complaint, Defendants admit that Elliott resides in Dacula, Georgia, is the Controller of Tellermate and denies the remaining allegations set forth therein.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

{01345098.DOC;3 }

23. In response to paragraph 23 of the Complaint, Defendants admit that Robert Brown was born on November 1, 1956, joined Tellermate, Inc. in January 1999 as General Manager, was made Director of Sales Support in January 2002, was made Regional Sales Manager in January 2005, was terminated on August 22, 2011 and deny the remaining allegations set forth therein.

24. In response to paragraph 24 of the Complaint, Defendants admit that Robert Brown had certain job responsibilities at Tellermate, specifically deny that he fulfilled his job responsibilities, and deny the remaining allegations set forth therein.

25. In response to paragraph 25 of the Complaint, Defendants admit that Robert Brown received certain recognitions during his tenure with Tellermate, received stock options in THL, and deny the remaining allegations set forth therein.

26. In response to paragraph 26 of the Complaint, Defendants deny that any representations were made to Robert Brown regarding his employment that would alter his status as an at-will employee of Tellermate, Inc. and lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth therein regarding any job offer to Robert Brown from another company and therefore deny same.

27. In response to paragraph 27 of the Complaint, Defendants deny for lack of knowledge information regarding what employment opportunities are available to Robert Brown and deny the remaining allegations set forth therein.

28. In response to paragraph 28 of the Complaint, Defendants admit that Christine Brown was born on June 18, 1960, joined Tellermate, Inc. in April 1999 as a Sales Representative, was made Lead Inside Sales Representative in January 2002, was made Account

Manager in January 2005, was terminated on August 22, 2011 and deny the remaining allegations set forth therein.

29. In response to paragraph 29 of the Complaint, Defendants admit that Christine Brown had certain job responsibilities as an Account Manager, deny that she fulfilled those responsibilities and deny the remaining allegations set forth therein.

30. In response to paragraph 30 of the Complaint, Defendants admit that Christine Brown received certain recognitions during her tenure with Tellermate, received stock options in THL, and deny the remaining allegations set forth therein.

31. In response to paragraph 31 of the Complaint, Defendants state that the letters to Plaintiffs dated August 22, 2011, speak for themselves and deny the remaining allegations set forth therein.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Defendants admit that Robert Brown, in his position at Tellermate, participated in the hiring of Michael Stafford and deny the remaining allegations set forth therein.

37. In response to paragraph 37 of the Complaint, Defendants admit that Robert Brown worked with Michael Stafford and deny the remaining allegations set forth therein.

38. In response to paragraph 38 of the Complaint, Defendants admit that Tellermate changed its commission structure in 2011 and deny the remaining allegations set forth therein.

39. In response to paragraph 39 of the Complaint, Defendants deny for lack of knowledge or information why Robert Brown or Christine Brown made certain decisions pertaining to their job performance and deny the remaining allegations set forth therein.

40. In response to paragraph 40 of the Complaint, Defendants specifically deny that either Robert Brown or Christine Brown were entitled to further commission payments and deny the remaining allegations set forth therein.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Defendants admit that Tellermate terminated the referenced employee in 2009 and deny the remaining allegations set forth therein.

45. In response to paragraph 45 of the Complaint, Defendants admit that Tellermate terminated the referenced employee in 2010 and deny the remaining allegations set forth therein.

46. In response to paragraph 46 of the Complaint, Defendants admit that Tellermate terminated the referenced employee in 2010 and deny the remaining allegations set forth therein.

47. In response to paragraph 47 of the Complaint, Defendants admit that Tellermate terminated the referenced employee in 2010 and deny the remaining allegations set forth therein.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

{01345098.DOC;3 }

## CLAIMS FOR RELIEF

### FIRST COUNT

51. In response to paragraph 51 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 50 of the Complaint as if fully rewritten herein.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

### SECOND COUNT

53. In response to paragraph 53 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 52 of the Complaint as if fully rewritten herein.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

### THIRD COUNT

56. In response to paragraph 56 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 55 of the Complaint as if fully rewritten herein.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

### FOURTH COUNT

60. In response to paragraph 60 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 59 of the Complaint as if fully rewritten herein.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

**FIFTH COUNT**

63. In response to paragraph 63 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 62 of the Complaint as if fully rewritten herein.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

**SIXTH COUNT**

66. In response to paragraph 66 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 65 of the Complaint as if fully rewritten herein.

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

**SEVENTH COUNT**

69. In response to paragraph 69 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 68 of the Complaint as if fully rewritten herein.

70. In response to paragraph 70 of the Complaint, Defendants state that any stock options held by Robert Brown or Christine Brown at the time of their respective terminations lapsed by their terms and deny the remaining allegations set forth therein.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

{01345098.DOC;3 }

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint.

**EIGHTH COUNT**

74. In response to paragraph 74 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 73 of the Complaint as if fully rewritten herein.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in paragraph 76 of the Complaint.

**NINTH COUNT**

77. In response to paragraph 77 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 76 of the Complaint as if fully rewritten herein.

78. Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint.

**TENTH COUNT**

80. In response to paragraph 80 of the Complaint, Defendants hereby incorporate and restate their responses to paragraphs 1 through and including 79 of the Complaint as if fully rewritten herein.

81. Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84. Defendants deny each and every allegations set forth in the Complaint not hereinbefore specifically admitted in this Answer to be true and deny that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph of the Complaint.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs are barred from relief herein because Plaintiffs were terminated from their employment for legitimate, non-discriminatory reasons, wholly unrelated to Plaintiffs' ages.

## FOURTH DEFENSE

Plaintiffs are barred from relief herein because they were at all times at-will employees and had no contractual relationship with Defendants.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate or minimize their alleged damages, if any.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the equitable doctrines of waiver, laches, estoppels, and/or consent.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the equitable doctrine of unclean hands.

## NINTH DEFENSE

Any act or omission taken by Defendants with respect to Plaintiffs was made in good faith and with reasonable grounds for believing that such act or omission was not in violation of the law.

{01345098.DOC;3 }

### TENTH DEFENSE

Any claim for punitive damages is barred because the alleged acts by Defendants do not rise to the level required to sustain an award of punitive damages.

### ELEVENTH DEFENSE

The allegations set forth in Plaintiffs' Complaint have no evidentiary support, are likely to have no evidentiary support after a reasonable opportunity for further investigation or discovery, and are in fact false, frivolous, and asserted in bad faith in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by additional affirmative defenses that may be uncovered during the course of additional investigation and discovery in this case, and Defendants reserve the right to amend or further plead any such additional affirmative defenses after a reasonable opportunity for discovery.

WHEREFORE, Defendants Tellermate Holdings Ltd., Tellermate, Inc., Insperity PEO Services, L.P., Paul J. Rendell, David W. Lunn, Gareth R. Davies, Edgar L. Biss, John Pilkington, and Debra Elliott, having fully answered Plaintiffs' Complaint, now request that this Court:

1. Deny any recovery by Plaintiffs, and enter judgment in favor of Defendants;
2. Dismiss this action in its entirety with prejudice;
3. Tax costs of this action against Plaintiffs, including reasonable attorneys' fees and costs; and
4. Award such other relief as shall be deemed just and proper.

{01345098.DOC;3 }

Respectfully submitted,

/s/ P. Jason Dejelo
COLLEEN M. O'NEIL (0066576) (Application to S.D. Ohio In Process)
P. JASON DEJELO (0076801) (Admitted to S.D. Ohio)
CALFEE, HALTER & GRISWOLD LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio  44114-2688
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
coneil@calfee.com
jdejelo@calfee.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2011, a copy of the foregoing Defendants' Answer to Plaintiffs' Complaint was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ P. Jason Dejelo
Attorney for Defendants

{01345098.DOC;3 }