```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Robert A. Brown, et al.,        :
                                        Case No. 2:11-cv-1122
      Plaintiffs,            :
                                        JUDGE JAMES L. GRAHAM
  v.                            :
                                        Magistrate Judge Kemp
Tellermate Holdings Ltd.,       :
    et al.,

      Defendants.            :

<u>ORDER</u>

On July 1, 2014, the Court issued an Opinion and Order recommending that, as the disposition of a motion for default judgment, certain discovery sanctions be imposed on the Defendants.  Since that date, new counsel has been substituted for the Defendants, and prior counsel, Calfee, Halter & Griswold has withdrawn.  However, Calfee continues to participate in the case because of the potential for an award of monetary sanctions against it.

On November 4, 2014, Calfee filed a motion asking for the following relief: (1) an order deeming the attorney-client privilege to be waived with respect to any communications which relate to the subject of the sanctions motion; and (2) to be permitted to present new evidence in support of its objections to the sanctions order.  For the following reasons, the Magistrate Judge will deny the first part of the motion as moot, and defer consideration of the second part to the District Judge.

Calfee's request to have the attorney-client privilege waived is based largely on the Ohio Supreme Court's decision in <u>Squire, Sanders & Dempsey, LLP v. Givaudan Flavors Corp.</u>, 127 Ohio St. 3d 161 (2010).  In that case, the court recognized a "self-protection exception" to the attorney-client privilege.  As

stated in the syllabus, at ¶1, "Ohio recognizes the common-law self-protection exception to the attorney-client privilege, which permits an attorney to testify concerning attorney-client communications when necessary to establish a claim for legal fees on behalf of the attorney or to defend against a charge of malpractice or other wrongdoing in litigation between the attorney and the client."  Calfee contends that this exception applies to the current situation because, shortly after the sanctions order was issued, Defendants terminated the attorney-client relationship and then threatened litigation, and because Defendants have claimed that the conduct which led to the sanctions order was undertaken based on advice of counsel.

In response, both Insperity and the Tellermate Defendants argue that they cannot evaluate the motion until Calfee identifies which otherwise-privileged communications it wishes to disclose, and that, in any event, such disclosure would be premature until the Court determines whether to award attorneys' fees to the Browns, which is the only issue about which Calfee has a continuing interest.  The Browns oppose that portion of the motion which would allow Calfee to submit such communications as new evidence.  Calfee, in reply, argues that it has a right to submit new evidence to the District Judge, and that it needs to be able to show whether it or the Defendants were primarily responsible for the actions which the Court has found to be sanctionable.

The first portion of this motion appears to be largely moot.  On February 26, 2015, the Tellermate Defendants filed a motion for leave to file a second supplemental brief in support of their objections and motion for reconsideration.  They attached to that motion a large number of exhibits, many of which are attorney-client communications.  Having chosen to waive the privilege for those communications, Tellermate cannot now be heard to claim

-2-

that other communications regarding the same subject-matter are still protected by the privilege.  See Procter & Gamble Co. v. Team Technologies, Inc., 2013 WL 3778740, *1 (S.D. Ohio July 18, 2013) ("Once a party has waived the attorney-client privilege with respect to some items, that waiver extends beyond those items to all other communications relating to the same subject matter").  Disputes about the scope of the waiver may still arise, of course, depending upon what documents Calfee might seek to disclose, but that is better handled on an individualized basis.  Therefore, the first portion of the motion, as filed, will be denied.

The second issue raised by the motion is whether Calfee may submit these materials to the District Judge.  That is the same issue raised by Tellermate's motion for leave to file a second supplemental brief.  The District Judge, not the Magistrate Judge, is the appropriate judicial officer to define the scope of the proceedings to be conducted before the District Judge on the motion to reconsider.  This order will not address that issue.

Based on the foregoing, the Court denies as moot that portion of Calfee's motion (Doc. 148) asking for an order deeming the attorney-client privilege to have been waived, and defers to the District Judge for a ruling on the balance.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the

motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge