IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert A. Brown, et al.,              :
                                                Case No. 2:11-cv-1122
       Plaintiffs,               :
                                                JUDGE JAMES L. GRAHAM
  v.                                   :
                                                Magistrate Judge Kemp
Tellermate Holdings Ltd.,      :
    et al.,

       Defendants.               :

## ORDER

    This order will hopefully be the last installment in the ongoing saga of a case where issues with discovery, caused in large part by Defendant Tellermate and its prior counsel, have all but overwhelmed progress on getting the matter disposed of on its merits. This order reflects the results of an *in camera* review of documents submitted by Tellermate which appeared on a privilege log Tellermate provided to Plaintiffs following the appearance of new counsel.

    Tellermate asserted the attorney-client privilege for many of the documents, and the Court finds most of those claims to be valid. Many documents are emails between Tellermate and litigation counsel, and there is no basis in this case for overcoming that privilege. Others are clearly work product, since they were created after and in response to the Browns' either threatening or filing suit, and for purposes of responding to their claims.

    The Court is concerned, however, about the listing of many documents on the log which are minutes or agendas of management meetings. Such documents have been the subject of prior discussion, with Tellermate claiming, somewhat disingenuously, that it did not have minutes of "Board of Directors" meetings to

produce; as it turns out, the persons who manage Tellermate met in management meetings which resemble, functionally, directors' meetings, a fact not fully disclosed until the evidentiary hearing held on Plaintiffs' motion for a default judgment. Further, even if, semantically, Tellermate had some basis for refusing to produce these documents in response to a request for directors' minutes, now that the Court has had a chance to look at many of them, it appears they are responsive to other document requests based on their subject matter.  Further, any work product privilege which attaches to them - that is the claim - applies, at most, to a brief section where the pending litigation is mentioned.

Perhaps the relevant portions of these documents have now been produced.  The Court agrees that the short discussions of the litigation are protected work product or recapitulations of attorney-client communications.  Also, much of the information in these documents does not relate to any issues in this case. However, the documents contain information about recruitment for the replacement of the Browns, about North American Sales and Marketing, and about sales and marketing generally - including ongoing issues with the proper use of salesforce.com - which are at least arguably relevant to this case.  If that information has not been produced to date, the Court orders Tellermate to produce it within seven days.

The specific documents subject to this order - which may be redacted for totally irrelevant information not pertaining to the Browns' sales territory or to salesforce.com information - are these:

From the first disk submitted by Tellermate:

| | | | |
|---|---|---|---|
| 81713 | 88440 | 90581 | 173386 |
| 86244 | 88480 | 123403 | 173460 |
| 82738 | 90356 | 123794 | 174226 |

```
82742          90570          129863              174231
84025          90574          129879
```

From the second disc submitted by Tellermate:

```
69278          90571          173387
82739          90576          173398
82743          90582          173461
84026          129864         174227
90357          129881         174232
```

IT IS SO ORDERED.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge